UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
 )  **JUDGE RICHARD L. SPEER**
John/Kim Likes )
 )  Case No. 07-34830
Debtor(s) )
 )
 )

### DECISION AND ORDER

Before this Court is the Trustee's Objection to the claim of exemption made by the Debtor, John H. Likes, Jr., in a trailer. At a Hearing held on this matter, the Parties presented to the Court this single legal issue for resolution: Whether a trailer qualifies as a "motor vehicle" within the meaning of O.R.C. § 2329.66(A)(2) so as to provide the Debtor an exemption in the property? At the Hearing, the Court deferred ruling on the matter so as to afford the Parties the opportunity to submit written arguments supporting their respective positions, with each party thereafter filing a memorandum with the Court. The Court has now had the opportunity to review the arguments of the Parties, and finds, for the reasons set forth herein, that the Trustee's Objection should be Sustained.

### FACTS

On November 5, 2007, the Debtors, John and Kim Likes, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). In August of 2007, the Court, upon Motion of the Debtors, converted their case to one under Chapter 7 of the Code. (Doc. No. 28 & 29). As required by the Court's order converting their case, the Debtors filed with the Court updated bankruptcy schedules. (Doc. No. 29 & 33).

In their schedules, the Debtor, John Likes, claimed an exemption in a "2002 Ford F350 pickup truck" and a "2000 Roadmaster enclosed trailer." As the statutory basis for both these

In re: John/Kim Likes
Case No. 07-34830

exemptions, the Debtor relied on § 2329.66(A)(2) of the Ohio Revised Code which affords a debtor an exemptible interest in "one motor vehicle." After the conclusion of the meeting of creditors held in this case, the Trustee filed his objection to the Debtor's claim of exemption in the trailer, taking the position that it does not qualify as a "motor vehicle" within the meaning of § 2329.66(A)(2).

## STATUTES

**OHIO REVISED CODE § 4501.01 Definitions**

> As used in this chapter and Chapters 4503., 4505., 4507., 4509., 4510., 4511., 4513., 4515., and 4517. of the Revised Code, and in the penal laws, except as otherwise provided:
>
>> (B) "Motor vehicle" means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires. "Motor vehicle" does not include utility vehicles as defined in division (VV) of this section, motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, and trailers that are designed and used exclusively to transport a boat between a place of storage and a marina, or in and around a marina, when drawn or towed on a public road or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less.

**OHIO REVISED CODE § 4505.01 Definitions**

> (A) As used in this chapter:
>
>> (2) "Motor vehicle" includes manufactured homes, mobile homes, recreational vehicles, and trailers and semitrailers whose weight exceeds four thousand pounds.

Page 2

In re: John/Kim Likes
Case No. 07-34830

**OHIO REVISED CODE § 4511.01 Definitions**

As used in this chapter and in Chapter 4513. of the Revised Code:

(B) "Motor vehicle" means every vehicle propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, hole-digging machinery, well-drilling machinery, ditch-digging machinery, farm machinery, and trailers designed and used exclusively to transport a boat between a place of storage and a marina, or in and around a marina, when drawn or towed on a street or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less.

**LEGAL BACKGROUND**

The single issue placed before the Court is whether Mr. Likes' 2000 Roadmaster trailer qualifies as exempt property under O.R.C. § 2329.66(A)(2). Determinations concerning exemptions from property of the estate are deemed by bankruptcy law to be core proceedings, thereby conferring upon the Court the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b).

When a debtor files for bankruptcy relief, all their interests in property become, by operation of law, property of a bankruptcy estate. 11 U.S.C. § 541(a). In a case proceeding under Chapter 7 of the Bankruptcy Code, property of the bankruptcy estate is subject to administration by a trustee, who is charged with expeditiously collecting, and then reducing to money, property of the estate for distribution to the debtor's creditors. 11 U.S.C. § 704(a)(1). A debtor's claim of exemption serves

Page 3

In re: John/Kim Likes
Case No. 07-34830

as an exception to this general rule, with the Bankruptcy Code providing that a debtor's interest in certain types of property may, notwithstanding its status as estate property, be exempted from the claims of creditors. 11 U.S.C. § 522(b)/(c).

For debtors, such as Mr. Likes, domiciled in Ohio, their right to claim property exempt in a bankruptcy proceeding is determined by reference to Ohio law. 11 U.S.C. § 522(b); O.R.C. § 2329.662. The right arises and is determined from the time a petition is first filed, and is not affected by the subsequent conversion of a case from one Chapter of the Code to another Chapter. *In re Alexander*, 236 F.3d 431 (8th Cir. 2000). In this matter, the Debtor claims a right to exempt his trailer under § 2329.66(A)(2) of the Ohio Revised Code which, at the time he filed his Chapter 13 case,[1] provided:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> (2) The person's interest, not to exceed one thousand dollars, in one motor vehicle[.]

Both Parties agree that the Debtor's right to claim his trailer exempt under this section turns on the Court's application of the term "motor vehicle."

The term "motor vehicle" is not defined in § 2329.66(A)(2). Based upon this lack of definition, the Trustee advocates a plain meaning approach to the term. Spelled out, it is the Trustee's position that, while a trailer may be a vehicle, it cannot be a "motor vehicle" within the meaning of § 2329.66(A)(2) because it has no motor for propulsion.

---

[1] Section 2329.66 was amended, effective September 30, 2008, by 2007 Ohio Senate Bill 281. Among other changes, it now provides an exemption of $3,225.00 in one motor vehicle.

Page 4

In opposition, the Debtor argues that the term "motor vehicle" as used in § 2329.66(A)(2) should be interpreted broadly and by reference to the statutory definitions contained in title 45 of the Ohio Revised Code which governs the regulation of motor vehicles. As now set forth, these definitions do not make a vehicle's qualification as a "motor vehicle" dependent on the existence of a motor or some similar form of mechanical actuation.

First, in the general provisions portion of title 45 it is set forth that a "'motor vehicle' means any vehicle, including mobile homes and recreational vehicles, that is propelled *or drawn by power* other than muscular power or power collected from overhead electric trolley wires." O.R.C. § 4501.01(B) (emphasis added). This provision also defines what are not motor vehicles, with a trailer not included in the list of vehicles excluded from the definition of a "motor vehicle." Going further into title 45, these same definitional parameters are then substantially emulated when applied to the definition of a "motor vehicle" for purposes of Ohio's traffic laws. O.R.C. § 4511.01(B). Finally, in title 45, it is also provided that, for purposes of the certificate of title act for motor vehicles, a "'[m]otor vehicle' includes manufactured homes, mobile homes, recreational vehicles, and *trailers* and semitrailers whose weight exceeds four thousand pounds." O.R.C. § 4505.01(A)(2) (emphasis added).

## DISCUSSION

Unless it directly conflicts with federal law, when a debtor relies upon state law to claim an interest in property exempt, that state's law is applied when determining the debtor's eligibility for the exemption. *Sholdan v. Dietz*, 108 F.3d 886, 888 (8th Cir. 1997). However, for their respective positions, neither of the Parties was able to cite to any controlling Ohio law on the subject, particularly prior Ohio court decisions which have addressed the specific issue of whether a trailer qualifies as a "motor vehicle" within the meaning of § 2329.66(A)(2). Nor has the Court been able to locate any decisions on point. In fact, even looking beyond the confines of Ohio law, the Debtor's

Page 5

In re: John/Kim Likes
Case No. 07-34830

position, that a trailer should qualify as a 'motor vehicle' for exemption purposes under § 2329.66(A)(2), appears to be a novel one. *See Exemption of motor vehicle from seizure for debt*, 37 A.L.R.2d 714.

When confronted with an undecided question of state law, it is the function of this Court to make the "best prediction, even in the absence of direct state precedent, of what the state Supreme Court would do if it were confronted with the question." *In re Alam*, 359 B.R. 142, 147 (6th Cir. B.A.P. 2006), *citing Combs, II v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). In matters of interpretation, the Ohio Supreme Court requires that the Court's primary goal must be to give effect to the intent of the legislature. *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 81, 881 N.E.2d 1214, 1220 (2008) (when "construing a statute, our paramount concern is the legislative intent in enacting the statute."). To discern legislative intent, the starting point is always the language of the statute itself. *Id.*

As set forth, the statutory language of § 2329.66(A)(2) provides a debtor may only claim an exemption in "one motor vehicle." When interpreting this language, it is codified in Ohio law, O.R.C. § 1.42, that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." It is also true in matters of statutory interpretation that a court must give effect only to the words used, and is thus "neither to insert words that were not used by the legislature nor to delete words that were used." *State v. Bartholomew*, 119 Ohio St.3d 359, 361, 894 N.E.2d 307, 309-10 (2008).

These principles of statutory application make the Debtor's position difficult to digest. The Debtor's trailer admittedly lacks a motor, instead needing to be towed by a vehicle with a motor for its movement on the public roads. Thus, adopting the Debtor's position, that his trailer qualifies as a motor vehicle, would effectively render the word "motor" superfluous as used in § 2329.66(A)(2). In this respect, the Ohio Supreme Court has admonished that it "is a cardinal rule of statutory

Page 6

In re: John/Kim Likes
Case No. 07-34830

construction that a statute shall be expounded, if practicable, as to give some effect to every part of it." *State v. Arnold*, 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082 (1991) (internal quotation and citation omitted).

Having said this, however, statutes must still be read in context. Similarly, statutes cannot be read in isolation, with the Ohio Supreme Court having recently stated that it "is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 59 876 N.E.2d 546, 553 (2007). *See also State v. Robinson*, 177 Ohio App.3d 560, 567, 895 N.E.2d 262, 267 (2008) ("a court cannot pick out one sentence and dissociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body.").

In limited instances, therefore, statutory words and phrases must be read outside the scope of their common usage. As recognized in O.R.C. § 1.42, cited *supra*: "Words and phrases that have acquired a technical or particular meaning, whether by *legislative definition* or otherwise, shall be construed accordingly." *Id*. (emphasis added). In this way, statutory definitions will, to the extent provided, override a plain meaning application of the defined term or phrase. *Woman's Bowling Congress v. Porterfield*, 25 Ohio St.2d 271, 275 267 N.E.2d 781, 783 (1971) ("Statutory definitions of terms are controlling in the application of the statute to which such definitions pertain."). Put differently, where a statute defines a term or a phrase in a certain manner that meaning must be applied notwithstanding that it goes contrary to the generally accepted meaning of the term or phrase. *Cincinnati City School Dist. Bd. of Edn. v. State Bd. of Edn. of Ohio*, 176 Ohio App.3d 157, 161 891 N.E.2d 352, 356 (2008).

It is this definitional override which allows a trailer to qualify as a motor vehicle within the meaning of those sections in title 45 cited by the Debtor, §§ 4501.01, 4505.01 and 4511.01. Still, in the absence of an express statutory directive to the contrary, statutory definitions used in one code

Page 7

In re: John/Kim Likes
Case No. 07-34830

provision are not automatically applied to another code provision. 85 OHIO JUR. 3d Statutes § 193. Rather, when the law is silent on the issue, statutory definitions contained in one provision are normally only applied to another provision when the two code provisions are in *pari materia*. *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 124-25, 882 N.E.2d 400, 405-406 (2008). Thus, contrary to the Debtor's position, it cannot be assumed that the definitions of 'motor vehicles' as found in title 45 of the Ohio Revised Code apply equally to O.R.C. § 2329.66(A)(2).

In matters of statutory construction, the doctrine of *pari materia* – meaning literally on the same subject – holds that different statutes should be read together when they address the same or a similar subject matter. *See also Day v. Beau Townsend Ford*, 129 Ohio App.3d 265, 269, 717 N.E.2d 769, 772 (2nd Dist. 1998) ("The rule of in pari materia permits the meaning of an undefined statutory term to be determined with reference to the statutory law of the state on the same subject or subjects related to it.). It is based on the supposition that the legislature, in enacting a statute, is assumed, or presumed, to have legislated with full knowledge and in the light of all statutory provisions concerning the subject matter of the act. *State ex rel. Overholser Builders, L.L.C. v. Clark Cty. Bd. of Commrs.*, 174 Ohio App.3d 631, 636, 884 N.E.2d 71, 75 (2nd Dist. 2007).

For purposes of the doctrine of *pari materia*, statutes will not be regarded as relating to the same or a similar subject matter where they have no common purpose and scope. This, the Court must conclude, is the situation here, with Ohio's exemption statute, § 2329.66, having no identity of interest with the regulation of motor vehicles as set forth in title 45 of Ohio's Revised Code. *Volan v. Keller*, 20 Ohio App.2d 204, 206, 253 N.E.2d 309, 310 (1969). On the one side, exemptions, by allowing a debtor to retain a certain amount of property free from the claims of creditors, serve a remedial purpose: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment. *In re Bunnell*, 322 B.R. 331, 333 (Bankr.

Page 8

In re: John/Kim Likes
Case No. 07-34830

N.D.Ohio 2005). Differently, title 45 of the Ohio Revised Code is regulatory in character, governing the operation of vehicles in the state of Ohio. O.R.C. § 4501.01, *et seq*.

Even this difference aside, the definitions in title 45 relied upon the Debtor specifically delineate the statutory provisions to which they apply; section 2329.66 is not included among these. Under this condition, the Court is loath to read the definitions of title 45 in *pari materia* with Ohio's exemption statute. *See Delli Bovi, Exr. v. Pacific Indemnity Co.*, 85 Ohio St.3d 343 (1999) (in the absence of a specific reference, declining to extend definitions of 'motor vehicle' in title 45 to § 3937.18 regarding uninsured and underinsured motorist coverage). To hold otherwise, would give the definitions of title 45 a reading beyond that specifically delineated by the state legislature. It is also goes contrary to the rule of statutory construction known as "*expressio unius est exclusio alterius*," meaning the expression of one is the exclusion of others.

In any event, rules of statutory construction, such as *pari materia*, are only to be used when a statute is ambiguous or the significance of its terms doubtful. *Morris v. Kaiser Engineers, Inc.*, 14 Ohio St.3d 45, 47, 471 N.E.2d 471 (1984). A statute is ambiguous when its language is subject to more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513, 668 N.E.2d 498 (1996). No ambiguity exists here. Section 2329.66(A)(2) applies only to "motor vehicles," which, as already stated, contemplates that the vehicle have some independent source of power for its movement. The Debtor's trailer, being admittedly unable to propel itself independently, does not fit this bill.

For these reasons, the Court finds that the term "motor vehicle" as used in § 2329.66(A)(2) should be interpreted according to its plain and ordinary meaning, and not by reference to those statutory definitions contained in title 45 of the Ohio Revised Code. Accordingly, as the Debtor's trailer does not have a motor for propulsion, it cannot not qualify for exempt status under § 2329.66(A)(2). One final observation.

Page 9

In re: John/Kim Likes
Case No. 07-34830

This holding does not run afoul with the purpose of § 2329.66(A)(2), but rather limits its breadth to the function for which it was intended. Section 2329.66(A)(2), by exempting an interest in a motor vehicle, was meant to afford a debtor with the means by which to retain a mode of transportation for life's necessities – *e.g.*, going to work, purchasing necessities and transportation for the health care needs of the debtor and his family. A trailer does not serve this function. In this way, bankruptcy exemptions, while they are to be construed liberally in favor of the debtor, should not be employed to benefit persons who do not fall within purview of their intended reach. *Matter of Mitchell*, 26 B.R. 36, 37 (Bankr. M.D.Fla. 1982).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the claim of exemption made by the Debtor, John H. Likes, Jr., in a "2000 Roadmaster enclosed trailer," be, and is hereby, SUSTAINED.

Dated: January 13, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 10

CC: John H. Likes, Jr.
Kim D. Likes
7154 S.R. 412
Clyde, OH 43410

Richard J Szczepaniak, Esq.
PO Box 501
Toledo, OH 43697-0501

Louis J Yoppolo, Esq.
1200 Edison Plaza
300 Madison Ave
Toledo, OH 43604-1556

Copies mailed to the foregoing parties this **13th** day of **January, 2009.**

Deputy Clerk, U.S. Bankruptcy Court